THE STATE ex rel. WELLWORTH REALTY COMPANY and BERTHOLD INVESTMENT COMPANY v. EDMOND KOELN, Collector, Appellant.

Division Two, February 17, 1914.

TAXATION: Paying on Part of Lot or Parcel: Sec. 11459, R. S. 1909. Sec. 11459, R. S. 1909, providing that "the collector shall receive taxes on part of any lot, piece or parcel of land charged with taxes," etc., means that a person can furnish the collector a particular specification of any part of a lot, piece or parcel of land appearing on the tax book, pay the taxes on such part, get his receipt and have the entry made, and its meaning is not such as to restrict its application to cases in which the part on which payment is desired to be made is assessed separately from the remainder of the "lot, piece or parcel."

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Edward W. Foristel* and *Frank H. Haskins* for appellant.

(1) Where a lot is assessed as an entirety, the collector can not be compelled to receive taxes on a part of that lot. (2) Even if the statute could be so construed, it does not require him to mark that part paid; to release that part from the lien of the taxes, or to give a receipt specifying value of the property, etc. Constitution, art. 10, sec. 4; R. S. 1909, sec. 11459.

*William F. Woerner* for respondents.

The statute is intended to afford the remedy in exactly such a case as is here presented. Prior to its enactment the only statute upon the books requiring the collector to give a receipt for taxes was as follows: ''When a collector shall receive taxes on lands, he shall designate in his receipt for same the particular tracts on which the taxes are paid, naming the range, township, section, quarter section, or quarter quarter section, as the case may require, or, if paid on town lots, then he shall designate the lots on which the taxes are paid, giving the number of the lots, the square or block, and the street or alley on which they are situate.'' Without a statute permitting a payment on a designated part, a taxpayer could not tender a portion of the tax and demand a receipt therefor, as the law ordinarily intends that taxes shall be paid in full at one time. 37 Cyc. 1164. Consequently the Legislature enacted this statute, expressly authorizing the payment of the tax on designated parts of a larger tract, so as to cover instances where one's title to the balance of a piece, parcel or lot had failed, or where he never owned it (as here is the case with the Wellworth Realty Company), recognizing the theory that a land tax always runs with the land itself independently of a personal obligation. Sec. 11499, R. S. 1909; Neenan v. St. Joseph, 126 Mo. 89; State ex rel. v. Sergeant,

76 Mo. 557; Charley v. Kelley, 120 Mo. 134; St. Louis
v. Contracting Co., 202 Mo. 451; State ex rel. v. Sny-
der, 139 Mo. 549; Pleadwell v. Glass Co., 151 Mo. App.
65. The statute must be construed as a whole and so
as to produce a reasonable and just result. State ex
rel. v. Railroad, 215 Mo. 492; Strodtman v. Railroad,
228 Mo. 154; State ex rel. v. Ryan, 232 Mo. 77.

ROY, C.—Proceeding by mandamus; defendant
moves to quash the alternative writ. The motion was
overruled, and defendant electing to stand on his over-
ruled motion as on an overruled demurrer, refused to
make further return or to plead, and the judgment
issuing the peremptory writ followed from which he
has appealed. On June 1, 1908, the relator, Berthold
Investment Company, was the owner of a strip of land
extending from Compton avenue westward about
three-fourths of a mile to Grand avenue. It was about
three hundred and fifty feet wide, was intersected by
three streets, thus throwing portions of it in four dif-
ferent city blocks. A suit was then pending to con-
demn the north part of that property for an extension
of Kingshighway a hundred and seventy feet wide
and the full length of the property. A judgment of
condemnation was entered January 5, 1909, in that
suit. On January 21, 1910, the said investment com-
pany conveyed the portion of land not taken for the
street to relator, Wellworth Realty Company. On
April 28, 1910, the relators tendered to the defend-
ant five hundred and ten dollars, the full amount of all
taxes, interest, penalties and costs for the taxes for
the year 1909 on that part of the land not condemned
for the street, computing the amount due by taking
such proportion of the whole tax, interest, penalties
and costs as the uncondemned land bore to the whole
tract prior to such condemnation, according to area. At
the time of making such tender, relators demanded of
defendant that he accept the same and enter the taxes

as paid in full on the uncondemned portion of the land, which demand was refused. The peremptory writ ordered defendant to accept the amount tendered as stated and give the relators a proper receipt and enter the payment in full of the taxes on the uncondemned land.

The latter part of section 11459, Revised Statutes 1909, is as follows: "The collector shall receive taxes on part of any lot, piece or parcel of land charged with taxes: Pro-- vided, the persons paying such tax shall furnish a particular specification of the part, and if the tax on the remainder of such lot and parcel of land shall remain unpaid, the collector shall enter such specification in his return, to the end that the part on' which the tax remains unpaid may be clearly known. If payment is made on an undivided share of real estate, the collector shall enter on his record the name of the owner of such share, so as to designate upon whose unidivided share the tax has been paid."

*Paying Taxes on Part of Lot or Parcel.*

Appellant contends that the statute only applies in cases where the part on which payment is desired to be made is assessed separately from the other part of the "lot, piece or parcel." Such a construction would render the statute useless. Of course, where a lot is divided between different owners, and is assessed accordingly, there is no need of a statute directing the collector to receive payment on the different parts separately assessed as shown on the books. The statute provides that the person paying on a part of the lot "shall furnish a particular specification of the part." If the part were already segregated on the book, it would not be necessary to furnish such specification. That statute means just what it says, that where a lot, piece or parcel of land appears on the tax book, any person can furnish the collector with a particular specification of any part thereof, pay the taxes

on such part, get his receipt and have the entry of payment made.

It is contended that the various parts of such tract may not have a value in proportion to the area, and that the collector has no such powers as the assessor, and cannot apportion the value of the different parts of a tract which has been assessed *in solido*. There is no showing in this case that a payment in proportion to the area is not equitable and fair. Whether such proportion should be used in all cases we will not now decide.

The judgment is affirmed. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All the judges concur.